UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK WAYNE DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00407-TWP-TAB |
| ) | |
| DAVID JOSEPH LAUGHLIN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Derek Durham's ("Mr. Durham") Motion for Leave to Proceed *in forma pauperis*, (Dkt. 2), and for screening of his Complaint pursuant to 28 U.S.C. § 1915A. Also before the Court is Mr. Durham's Motion to Compel Material Evidence. (Dkt. 8).

**I. Motion for Leave to Proceed *In Forma Pauperis***

Mr. Durham's motion for leave to proceed *in forma pauperis*, (Dkt. 2), is **denied** because he did not attach a statement of his inmate trust account transactions as required by 28 U.S.C. § 1915(a)(2). Mr. Durham shall have **through April 9, 2021**, to either pay the $402.00 filing fee or renew his motion for leave to proceed *in forma pauperis* by filing a statement of his inmate trust account transactions for the previous six months.

**II. Screening**

Because he is a "prisoner," the Court must screen his complaint. 28 U.S.C. § 1915A(a), (c).

**A.     Screening Standard**

Mr. Durham is an inmate at the Fayette County Jail. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or

seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Durham's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Abu-Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

**B.    The Complaint**

In its screening, the Court has considered only the original complaint, dkt. 1, filed on February 19, 2021. The Court has disregarded Mr. Durham's Amended Lists of Defendants (Dkt. 6) and Amended Statement of Claims (Dkt. 7) that were filed on March 1, 2021. Mr. Durham may not amend his complaint piecemeal by filing one section at a time. Rather, if he wishes to file a Amended Complaint he must file a single document that clearly sets forth all claims, defendants, and allegations he wishes to pursue. *See* S.D. Ind. L.R. 15-1(b).

In his Complaint, Mr. Durham asserts claims for damages and injunctive relief against two defendants: Sheriff David Laughlin and Officer Tyler Jarboe. He bases these claims on the following allegations. On January 22, 2021, Mr. Durham asked Officer Jarboe a question. In response, Officer Jarboe grabbed his genitals and told Mr. Durham to "suck his dick." (Dkt. 1 at 2). Mr. Durham filed grievances about this incident, but no one has responded. Sheriff Laughlin has ignored the situation.

### C.     Discussion of Claims

Mr. Durham asserts that Officer Jarboe's actions constitute "a blatant case of sexual harassment." *Id.* Although he may be correct, this is not a claim he may pursue in this Court. "[M]ost verbal harassment by jail or prison guards does not rise to the level of" a constitutional violation. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Mr. Durham has not alleged facts indicating that Officer Jarobe's harassment should be treated as an exception to the rule. By comparison, in *Beal*, the Seventh Circuit found that the plaintiff asserted a plausible claim by alleging that the defendant prison guard "'made verbal sexual comments directed towards'" the plaintiff, told the plaintiff "to place his penis inside" another inmate, and displayed his "own penis in . . . repeated public urinations" in front of the plaintiff and other inmates. *Id.*

The Complaint describes one incident in which a prison guard made an inappropriate gesture and a harassing remark to Mr. Durham. Neither the quantity nor the character of the officer's actions is sufficient to articulate a constitutional claim.

As to the Sheriff, "[l]iability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "Only someone personally responsible in a constitutional violation can be held liable under § 1983." *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citing *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)). It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation. *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling

3

against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

For these reasons, the complaint does not state a plausible claim for relief.

### III. Dismissal of Complaint and Further Proceedings

For the reasons discussed in Part II, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Durham shall have **through April 9, 2021**, to file an amended complaint that resolves the deficiencies discussed in this Entry. If Mr. Durham chooses to file an amended complaint, it must include the case number associated with this action, no. 1:21-cv-00407-TWP-TAB. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations.

### IV.  Conclusion

For the reasons explained above, Mr. Durham's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied**. He shall also have **through April 9, 2021**, to resolve the filing fee as directed in Part I. If Mr. Durham fails to resolve the filing fee by this date, the Court may dismiss this action and enter final judgment without further warning or opportunity to show cause.

Mr. Durham shall also have **through April 9, 2021,** to file an Amended Complaint. If nothing is filed by that date, the Court may dismiss this action and enter final judgment without further warning or opportunity to show cause.

Mr. Durham's motion to compel material evidence, dkt. [8], is **denied**. The Court will issue orders with respect to discovery if and when Mr. Durham files an actionable complaint and the defendants have answered.

**IT IS SO ORDERED.**

Date: 3/8/2021

*[Signature]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK WAYNE DURHAM
34629
FAYETTE COUNTY JAIL
123 W. 4th Street
Connersville, IN 47331