UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK WAYNE DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00407-TWP-TAB |
| ) | |
| DAVID JOSEPH LAUGHLIN, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO AMEND AND MOTION FOR TRANSFER
AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on a Moton for Transfer (Dkt. 11) and Motion to Amend (Dkt. 14), filed by Plaintiff Derek Wayne Durham. For the reasons stated below, the Motions are **denied**.

### I.     Motion to Amend

The Court previously dismissed the plaintiff's complaint for failure to state a claim upon which relief can be granted and gave him an opportunity to amend. Dkt. 10. In response, the plaintiff has filed a motion for leave to amend his complaint. His motion, dkt. [14], is **denied as futile** because the amended complaint does not correct the deficiencies identified in the Court's prior order.

Although the plaintiff adds an allegation that one of the defendants has retaliated against him for complaining about sexual harassment, he does not make any factual allegations regarding what retaliatory actions the defendant has taken against him. The plaintiff filed a separate notice of retaliation which makes factual allegations that may state a constitutional claim. Dkt. 21. He also made additional allegations regarding retaliation in his motion for transfer. Dkt. 11. But as the

Court previously noted, the plaintiff may not amend his complaint piecemeal. Rather, he must file a single document that clearly sets forth all claims, defendants, and allegations he wishes to pursue. *See* S.D. Ind. L.R. 15-1(b).

The plaintiff shall have **through May 25, 2021**, to file an amended complaint that resolves the deficiencies discussed in this Order. If the plaintiff chooses to file an amended complaint, it must include the case number associated with this action, no. 1:21-cv-00407-TWP-TAB. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations the plaintiff wishes to pursue in this action.

If the plaintiff fails to file an amended complaint or resolve the filing fee in the time provided, the Court may dismiss this action and enter final judgment without further warning or opportunity to show cause.

## II. Motion for Transfer

The plaintiff's motion for transfer, dkt. [11], is **denied**. The motion essentially seeks a preliminary injunction but does not address the requirements of such an injunction. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois,* 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id*. Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would

endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.*

If the plaintiff files an amended complaint with a viable retaliation claim, he may renew his motion for transfer and address the above standard.

**IT IS SO ORDERED.**

Date: 4/26/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK WAYNE DURHAM
34629
FAYETTE COUNTY JAIL
123 W. 4th Street
Connersville, IN 47331