UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK WAYNE DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00407-TWP-TAB |
| ) | |
| DAVID JOSEPH LAUGHLIN, ) | |
| FAYETTE COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| LEONARD BAKER, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT, SCREENING THIRD AMENDED COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Plaintiff Derek Durham's ("Mr. Durham") motion for leave to file a third amended complaint. (Dkt. 52) and a Motion for Copies (Dkt. 43). This action is based on Mr. Durham's allegations that he was subjected to unconstitutional conditions of confinement and retaliated against at the Fayette County Jail. For the reasons stated below, the motion for copies is **denied** and the motion to amend is **granted**.

**I. Motion for Leave to Amend**

The operative pleading in the action is currently the second amended complaint, dkt. 25, which Mr. Durham drafted himself and filed pro se. In short, the second amended complaint alleges that Mr. Durham reported sexual harassment by a Jail employee and that he was subjected to unconstitutional conditions in response. After screening the second amended complaint pursuant to 28 U.S.C. § 1915A, the Court recognized plausible claims against Sheriff David Laughlin, Jail Commander Leonard Baker, and the Fayette County Sheriff's Department.

Mr. Durham's timely motion for leave to file a third amended complaint, dkt. [52], is **granted**. The defendants oppose the motion only on grounds that the Court previously noted that claims based on the sexual harassment allegation may not proceed. Dkt. 54. But the third amended complaint does not assert claims based on the sexual harassment allegation. As Mr. Durham notes in his reply, it "identifies the sexual harassment incident merely as the factual impetus for jail personnel's subsequent retaliation against him." Dkt. 55 at ¶ 3. Mr. Durham will have **through May 23, 2022**, to file a copy of the proposed third amended complaint as the third amended complaint.

## II. Screening

Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### A.    Screening Standard

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.     **The Third Amended Complaint**

The third amended complaint asserts claims for damages against the original defendants—Sheriff Laughlin, Commander Baker, and the Sheriff's Department—as well as Fayette County and Correctional Officers Tyler Gay, Derrick Moore, and Drake Weaver. These claims are based on the following allegations. In January 2021, an officer at the Jail sexually harassed Mr. Durham. In the following months, Mr. Durham made multiple efforts to report the harassment, and the defendants responded by punishing him in several ways.

Commander Baker punished Mr. Durham by serving him smaller meals than other inmates, having him removed from his cell three times every day to be strip searched, and directing that he be confined in a holding cell. In the holding cell, Mr. Durham could not access his personal property, and his access to showers, recreation, the law library, and communication with family were all limited. Commander Baker regularly punished inmates by subjecting them to these conditions and did so with Sheriff Laughlin's approval. In late March 2021, Officers Gay, Moore, and Weaver battered Mr. Durham and tased him without provocation and left him in a restraint chair for an extended time.

C.     **Discussion of Claims**

The action **will proceed** with Fourteenth Amendment conditions claims and First Amendment retaliation claims against all seven defendants pursuant to 42 U.S.C. § 1983. The action **will also proceed** with additional Fourteenth Amendment claims against Officers Gay, Moore, and Weaver under § 1983 based on their use of force in March 2021.

### III. Further Proceedings and Conclusion

Mr. Durham's motion for leave to file a third amended complaint, dkt. [52], is **granted** and his Mr. Durham's motion for copies, dkt. [43], is **denied**

3

Mr. Durham will have **through May 23, 2022**, to file a copy of the proposed third amended complaint as the third amended complaint. The action **will proceed** with the claims identified in Part III(C). The **clerk is directed** to add the following defendants to the docket: Fayette County, Tyler Gay, Derrick Moore, and Drake Weaver.

Mr. Durham is responsible for issuing process to all defendants who have not already appeared. All defendants will answer the Third Amended Complaint in the time required by Federal Rules of Civil Procedure 12 and 15. All deadlines in the case management plan, *see* dkt. 44, remain in effect.

Mr. Durham's motion for copies, dkt. [43], is **denied** because he should be able to obtain copies of all relevant case documents from his attorneys. To the extent the motion asks the Court how to pursue specific legal actions, the Court cannot provide legal advice.

**IT IS SO ORDERED.**

Date:  5/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Katelyn H. Juerling
NORRIS CHOPLIN SCHROEDER
kjuerling@ncs-law.com

Robert D. King, Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

David Ray Thompson
LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com

Bradley J. Wombles
NORRIS CHOPLIN & SCHROEDER
bwombles@ncs-law.com